Van Brunt, P. J.
This action was brought by the plaintiff as administrator of Annie Schestanber, deceased, to recover damages by virtue of the statute for the death of the plaintiff’s intestate by reason of the negligence of the defendant.
The plaintiff alleges that on the 21st of December, 1883,. while his intestate was attempting to enter one of the defendant’s cars at its station at the corner of Allen and Rivington streets, in the city of New York, through the-negligence of the defendant and its employees, she was knocked down, fell and dragged along the platform of the station by a train of cars of the defendant which had prematurely started, and that the intestate was thereby so injured that she died about nine hours thereafter. At the close of the plaintiff’s case, the defendant moved to dismiss the complaint upon the ground that the plaintiff had failed to show any negligence on the part of the defendant or its employees. This motion was denied and an exception taken.
At the close of the case the learned court charged, at the request of the plaintiff, “ that if this train was standing still, with the gates open, and no signal was given to us of their intention to start the train, it was not negligence on the part of the girl to attempt to board it.” To this charge the defendant duly excepted. After the verdict a motion was made to set aside the same as against the weight of evidence, which was denied, and an exception taken.
These exceptions raise the questions presented upon this, appeal. There seems to have been a conflict of evidence only upon one branch of the case, and that is as to what occurred immediately before the happening of the accident. It appears that on the morning of the 21st of December, 1883, the deceased, who was a girl of fourteen or fifteen years of age, attempted to get on board a train of the Elevated Railroad Company at the station at Rivington and Allen streets, and while attempting to get on board she met with the accident and received the injuries which caused her death upon the same day.
The testimony on behalf of the plaintiff tended to show that one train had passed by without stopping and that this train which the deceased attempted to board came up and entirely stopped; that a number of passengers were on the platform and got on board, and that while the train was at rest and the gate of the third car was open, she placed one foot upon the rear platform of that car and took hold of the iron stanchion or railing; that while she was in this position the car started without notice to her, and the gate was suddenly closed, and the effect was that she was thrown down between the two cars and then thrown out *217 between the car and the platform of the station, and in this way received the injuries which caused her death.
The testimony on behalf of the defendant tended to show that after the other passengers had got on board, the gate was nearly closed, so that there was a space of only about eight inches left open, and that it was while the gate was in this position that this young lady ran across the platform, which was slippery, and attempted to get hold of the iron railing and slipped and fell down between the gate and the platform of the station, and thus received her injury.
The learned court substantially charged the jury that if the theory of the defendants was true in respect to the manner in which the deceased received her injuries the-' plaintiff could not recover. There is no complaint but that in the charge itself the learned court gave the correct rule to the jury, but that an error was made in charging the request above stated.
The evidence given by the guard in charge of the train was as follows:
Q. Was she the last person getting on at that time (referring to the time before giving the signal to start)?
A. I took the passengers on that were there, and did not see her until she ran up and fell.
Q. All the passengers had got on that presented themselves?
A. Yes, sir.
It is claimed that the jury might have believed this testimony, but that according to the judge’s charge, if a signal had not been given to the deceased of defendant’s intention to start the train, apparently everybody had got on board that presented himself, then the deceased was free from negligence in attempting to board the train even if as matter of fact under all the circumstances she was too late; and that the question of the negligence of the deceased defendant on the surrounding circumstances was not to be regulated by the fact that a signal of the intention to start the train was or was not given to the deceased, and that whether or not the signal was given to deceased was not the proper test. Citing the case of Paulitsch v. N. Y. C. and H. R. R. R. Co. (102 N. Y., 280; 1 N. Y. State Rep., 656) as decisive on this point.
In the case cited, the plaintiff, a belated passenger had purchased a ticket at defendants’ depot. Just as she came on to the platform of the station, the conductor, observing that all persons on the platform had boarded the train and that the station platform was clear and empty, raised the drop platform, connecting the cars with the station plat *218 form, gave the signal to start and turned to enter •or entered the car. The engineer drew in his head, pulled his lever and the train started. At that precise moment the plaintiff had reached one of the cars, according to her own account, and put one foot upon its steps, and then and not before the train moved, she was thrown down and seriously injured. There were other circumstances in the case showing that she knew that she was late and that she was conscious that the cars had started. The court was asked to charge, in view of these circumstances, that “ when the people who desired to stop at 110th street had left the train, and the persons who were then on the station platform had entered the train, the defendants had the right to raise the drop platform and start the train. ” The trial judge refused to charge this proposition except with the qualification: “Provided that they had given each passenger having a right to enter upon that traínas a passenger, an opportunity to get on board.”
The court held that the first part of the proposition was in all respects entirely sound and correct, but that the qualification practically annulled it, and destroyed it, or, at least, may have dangerously misled. the jury; that the jury might naturally understand it to mean that when the plaintiff had bought her ticket at the office below she acquired, upon the instant, the right to take passage on this particular train, and that the defendants, were bound to know that she was coming and hold the train until her .arrival, and so the conductor was negligent in starting the train at the moment when he did.
The learned court held, therefore, that the qualification was error as the purchase of the ticket gave her no right to delay the train at all, and imposed upon her the duty of presenting herself in time or of waiting for a succeeding train; that the purchase of a ticket gives no right to a passenger except upon the condition of presenting herself for passage before the signal is given for the start, and if she gets on after that it is not negligence as against her that the train starts in obedience to it.
It will be seen from the foregoing statement that the case cited has no application whatever to the question of the plaintiff’s negligence, and that, therefore, it is no authority' against the proposition charged by the court. It is, however, pertinent to the question of the defendants’ negligence .and tends to establish that if the guard’s story is true then that the defendants were not guilty of negligence in starting the train.
The proposition of the charge contains no element of •error. If the train was standing still with the gates open it was an invitation to the deceased that she might enter *219 with safety, the more especially so as the law requires that when the cars stop at a station and a gate has been opened, the cars shall not start until such gate has been firmly closed; (Laws of 1881, chap. 399, sec. 2), and if the train was in that condition and no signal was given of the intention to start, she was clearly not guilty of negligence in attempting to board it. If any other rule were to prevail then no matter how negligent the employees of the railroad might be in starting the train a passenger would be guilty of negligence in attempting to board it, although the train was standing there apparently inviting passengers to enter.
It is however, contended that the learned trial judge erred in denying the motion to set aside the verdict as against the weight of evidence, because the jury were charged that if they believed that the decased was not struck by the gate or pushed from the car by any carelessness of the employees, the verdict must be for the defendant, and that the plaintiff failed to establish by a preponderance of evidence that his intestate was struck by the gate or pushed from the car by the negligence of defendants employees.
It is claimed that all of the plaintiff’s witnesses did not agree in their testimony that she was struck by the gate. One of them testifies as follows: “ She was just about to make a move with the other foot to get on the car when the train started and gave a sudden jerk and she swung backwards and then down between the platform of the car and the platform of the station, and that when she attempted to get on the gate was open.”
Another testified : “ She attempted to get on the car and had one foot on the station and she was about drawing her other foot on the car and the car gave a jerk and she fell in between the station and the car. This witness appears to have been examined by an interpreter, and in answer to the question, “ Do you always know whether she slipped or not?” the interpreter said: “he says all he knows is that she fell by the jerking of the car or the jarring of the car.”
It is claimed that this testimony shows that the plaintiff was not thrown down by the gate nor through being pushed by one of the defendants employees but by the sudden jerking of the train and that therefore under the judge’s charge the plaintiff could not recover if such were the case.
Two other witnesses, upon the part of the plaintiff however, swear, one that the door (meaning the gate) knocked the girl down and that the gate pushed the girl back and she fell, and the other that if the gate had not been slammed she would have had no difficulty in getting on to the car.
The evidence of the first two witnesses does not hy any *220 means necessarily militate against that of the last two-named. They did not swear that she was not struck by the-gate, nor did they swear that she was not pushed back by the gate. They simply swear to their deduction from what, they saw that the girl fell from the sudden jerking of the car. It was for the jury to determine from all the facts and circumstances whether the theory of the plaintiff, was-correct or not. It is urged that the plaintiff’s witnesses-contradicted each other in other material points. But those were questions for the jury, and it was for them to determine as to the nature of this accident.
The case was fairly submitted to the jury; the question at issue was distinctly stated; there was evidence sufficient to justify the verdict; and it should not be interfered with unless plainly contrary to the evidence.
The judgment and order appealed from' should be affirmed, with costs.
Daniels and Brady, JJ , concur.